# Exhibit C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE STEVENS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 C 3382 |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | Chief Judge Castillo |
| HOMELAND SECURITY | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF FERNANDO PINEIRO, JR.**

**I.    Introduction**

I, Fernando Pineiro, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.     I am the Deputy FOIA Officer of the Freedom of Information Act Office (the "ICE FOIA Office") at U.S. Immigration and Customs Enforcement ("ICE"). I have held this position since December 29, 2013. Prior to this position, I was the FOIA Officer for the Office for Civil Rights and Civil Liberties (CRCL) at the Department of Homeland Security (DHS) for 3 years. The ICE FOIA Office's mailing address is 500 12th Street, S.W., STOP 5009, Washington, D.C. 20536-5009.

2.     The ICE FOIA Office is responsible for processing and responding to all Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a, requests received at ICE.

3.     As the Deputy FOIA Officer of the ICE FOIA Office, my official duties and responsibilities include the general management, oversight, and supervision of the ICE FOIA Office. I manage and supervise a staff of ICE FOIA Paralegal Specialists,

who report to me regarding the processing of FOIA and Privacy Act requests received by ICE. In connection with my official duties, I am familiar with ICE's procedures for responding to requests for information pursuant to provisions of FOIA and the Privacy Act. In that respect, I am familiar with ICE's processing of the FOIA request that the DHS Office of the Inspector General (DHS OIG) referred to ICE for processing on or about June 21, 2013.

4.      The statements contained in this declaration are based upon my personal knowledge, my review of documents kept by ICE in the ordinary course of business, and information provided to me by other ICE employees in the course of my official duties.

5.      This declaration provides a description of how ICE responded to the referral of electronic video files located by DHS OIG during their search for records responsive to Plaintiff's March 20, 2013, FOIA request.

**II.     Justification for Withholding Electronic Video Files from Disclosure.**

6.      In an email message dated March 20, 2013, Plaintiff submitted a FOIA request to DHS OIG seeking records pertaining to an individual named Adijat Edwards. **A true and complete copy of Plaintiff's March 20, 2013, FOIA request is attached to this declaration as Exhibit 1.**

7.      On June 18, 2013, DHS OIG referred 75 pages of documents, located while processing Plaintiff's request, to ICE, and asked that ICE respond directly to the Plaintiff. In a letter dated June 25, 2013, ICE informed the Plaintiff that it was releasing 60 of the referred pages in their entirety, and withholding portions of the remaining 15 pages pursuant to Exemptions 6 and 7(C) of the FOIA. **A true and complete copy of**

the June 18, 2013, referral to ICE from DHS OIG is attached to this declaration as **Exhibit 2.**

8.      On June 21, 2013, ICE received a second referral from DHS OIG. This referral consisted of a DVD containing two electronic video files. DHS OIG noted that the FOIA request had become the subject of FOIA litigation, asked ICE to review the files, process as necessary, and issue a direct response to the Plaintiff. **A true and complete copy of the June 21, 2013, referral to ICE from DHS OIG is attached to this declaration as Exhibit 3.**

9.      ICE also received a referral from the DHS OIG of 58 pages on August 28, 2013. ICE responded to this referral in a letter dated August 29, 2013. ICE also received a referral from the DHS OIG of 47 pages on February 7, 2014. Although, the DHS OIG's referral memorandum was dated January 7, 2014, and stated it was referring 58 pages, according to the DHS OIG FOIA unit, these were typos, as the proper date was February 7, 2014, and the number of referred pages was 47. ICE responded to this referral in a letter dated March 4, 2014. In each response ICE noted that it was withholding portions of the responsive records pursuant to Exemptions 6, 7(C), and 7(E) of the FOIA. **True and complete copies of the August 28, 2013, and January 7, 2014, referrals to ICE from DHS OIG are attached to this declaration as Exhibits 4 and 5, respectively. A true and complete copy of the email reflecting that the referral dated January 7, 2014 was transmitted on February 7, 2014 is attached to this declaration as Exhibit 6 . True and complete copies of ICE's August 29, 2013, and March 4, 2014, response letters are attached to this declaration as Exhibits 7 and 8, respectively.**

10.     The video files on the DVD located by DHS OIG and provided to ICE on June 21, 2013, were taken from a security surveillance camera located in a secure room in an ICE facility used for the temporary detention of individuals.

11.     ICE reviewed the video files on the DVD, and in a letter dated June 27, 2013, informed Plaintiff that portions of the videos were exempt from disclosure pursuant to Exemptions 6, 7(C), and 7(E) of the FOIA. **A true and complete copy of ICE's June 27, 2013, response letter is attached to this declaration as Exhibit 9.**

12.     FOIA Exemption 6, 5 U.S.C. § 552(b)(6), allows the withholding of personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Documents that apply to or describe a particular individual, including investigative records, qualify as "personnel," "medical," or "similar files" under FOIA Exemption (b)(6). When applying this exemption, the agency must balance the individual's personal privacy interest against the public need for the information for purposes of shedding light on the agency's performance of its statutory duties.

13.     FOIA Exemption 7(C), 5 U.S.C. § 552(b)(7)(C), allows the withholding of information compiled for law enforcement purposes that, if released to the public, could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption allows the withholding of information that identifies agency employees and third parties in law enforcement records. In asserting this exemption, each piece of information withheld was examined to determine the degree and nature of the privacy interest of any individual whose personally identifiable information appears within ICE's records. The public interest in the disclosure of this information is determined by

4

whether the information to be withheld would inform the public about ICE's performance

of its mission to enforce federal and criminal statutes and/or how ICE actually conducts

its internal operations as well as internal and external investigations.

14.     ICE applied FOIA Exemptions 6 in conjunction with Exemption 7(C) to

protect from disclosure images of ICE employees, ICE detainees and third party

individuals contained within the video, and the letter noted that the videos included

images of individuals' faces and other images and/or information that could be used to

identify the individuals in the video.

15.     The release of this information, as it relates to ICE detainees and third

party individuals, would likely subject those individuals to embarrassment and/or

harassment if their involvement in immigration proceedings, or images of them in

handcuffs or detention cells became known.  The disclosure of the identities of federal

law enforcement officers or other employees involved in immigration enforcement

operations or in the detention of aliens could lead to reprisals against those officers, as

well as undue attention or harassment from the public.  The release of images of these

individuals, and any subsequent humiliation, embarrassment, or hostility would constitute

a clearly unwarranted invasion of privacy.  Additionally, none of the third party

individuals, law enforcement officers or ICE detainees consented to the release of their

personal information.

16.     FOIA Exemption 7(E), 5 U.S.C. § 552(b)(7)(E), allows the withholding of

information compiled for law enforcement purposes to the extent that the production of

such information would disclose techniques, procedures, and guidelines for law

enforcement investigations or prosecutions to the extent that such disclosure could reasonably be expected to risk circumvention of the law.

17. ICE applied Exemption 7(E) to protect from disclosure images of law enforcement techniques and procedures related to searches of individuals in custody, handcuffing techniques, and security procedures. Exemption 7(E) was also applied to protect from disclosure the location and fields of view of security surveillance cameras in a secure holding room.

18. The release of this information would allow an unauthorized viewer to determine what areas of the facility are not under video surveillance, could show individuals other security procedures that are generally not known to the public, and could potentially allow an individual to circumvent the law by applying the knowledge gleaned from viewing video taken inside a secure area of a temporary hold room.

**III. The Videos Were Reviewed for Reasonably Segregable Information**

19. ICE June 27, 2013, response letter also informed Plaintiff that the ICE FOIA Office does not have to capability to redact exempt information from video files. As the ICE FOIA Office was unable to segregate non-exempt information from the exempt information described above, ICE withheld both video files in their entirety.

**IV. The ICE FOIA Office Does Not Have the Ability to Redact or Segregate Information from the Electronic Video Files.**

20. The ICE FOIA Office frequently receives files to be processed in response to FOIA requests in a number of formats. Generally, potentially responsive documents are turned over to the ICE FOIA Office in hard copy paper format, or as electronic files, typically from the Microsoft Office suite of programs, but sometimes from other word processing programs as well.

21.     Without regard to the format in which the files are provided to the ICE FOIA Office, they must always be converted to one of two formats prior to processing and release: Adobe .pdf format, or Microsoft Excel spreadsheets. The overwhelming majority of the records received by the ICE FOIA Office in response to FOIA requests are either provided in one of those formats, or are easily converted to one of those formats for processing. If a document or record cannot be converted into either of those two formats, the ICE FOIA Office does not have the technical capability to process it for release.

22.     The two files provided to the ICE FOIA Office by DHS OIG for processing were video files in AVI format. The ICE FOIA Office lacks the technical expertise, hardware or software to convert these files to Adobe .pdf format, or process them in any other manner, and thus is unable to properly redact the exempt information identified in paragraphs 13 and 16 above.

## V.     Jurat Clause

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge and belief. Signed this ___8th___ day of August 2014.

Fernando Pineiro, Jr.
Deputy FOIA Officer
Freedom of Information Act Office
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
500 12th Street, S.W., Stop 5009
Washington, DC 20536-5009

# EXHIBIT

# 1

| | |
|---|---|
| **From:** | Jackie Stevens |
| **To:** | FOIA OIG |
| **Subject:** | Office of Inspector General investigative materials, Adijat Edwards 079 053 516, |
| **Date:** | Wednesday, March 20, 2013 1:38:48 PM |
| **Attachments:** | EDWARDSAdijatIDPrivacyWaiver.jpg |

To Whom It May Concern

I write under the Freedom of Information/Privacy Act to request all
items created, received, or at any time possessed by Special Agent
Gerardo Guzman, Chicago Field Office pertaining to ADIJAT EDWARDS, alien
number 079 053 516:

I am requesting:
-All documents, reports, email, notes of any sort, recordings,
memorandums, forms, Special Agent Gerardo Guzman, ICE Chicago Field
Office created, received or possessed about ADIJAT EDWARDS maintained in
any medium.

-This includes but is not limited to correspondence about EDWARDS
Expedited Removal Order, airline tickets and receipts, and all forms
concerning the confiscation of her property and documents.

I have attached Ms. Adijat's Privacy Waiver granting her consent to
release these documents to me.  (Please note that this document also
contains her statement sworn under penalty of perjury as to her identity.)

Please note that Ms. Edwards has waived her privacy right to her medical
records as well and that there should be no redactions from documents
pertaining to this request based on a medical exemption.

I am a scholar and and a journalist and will not be using this
information for any financial benefit but to assist my research,
teaching and publications on deportation misconduct.  I am therefore
requesting a fee waiver.

Thank you for your assistance.  If you have any questions please contact
me here or at 847-467-2093.

Sincerely,
Jacqueline Stevens
--
Jacqueline Stevens
Professor
Political Science and Legal Studies Board
Northwestern University

Director
Deportation Research Clinic
Buffett Center for International and Comparative Studies
http://www.cics.northwestern.edu/programs/deportationresearch/

phone 847-467-2093
fax  847-491-8985

Mail
601 University Place
Department of Political Science

Northwestern University
Evanston, IL  60208

http://www.jacquelinestevens.org
http://stateswithoutnations.blogspot.com

## PRIVACY AND CONFIDENTIALITY WAIVER

To Whom It May Concern:

My name is Adijat Edwards and I was born in Nigeria on November 24, 1970.

Jacqueline Stevens has my authorization to obtain all personal information about me from any private or public agency and any attorney or individual in the United States and all other countries, including Nigeria. Please note that this includes all medical information.

**I hereby waive my right to privacy, and I authorize all federal agencies of the United States to release any and all information, relating to me, including all medical records and references to medical records, to**

> Professor Jacqueline Stevens
> 601 University Place
> Political Science Department
> Northwestern University
> Evanston, IL 60208

This waiver is in accordance with the rules of Title 5 U.S.C. Section 552 and includes, but is not limited, to records and employee statements, including email, notes, and forms of the U.S. Customs and Border Protection, Immigration and Customs Enforcement, the Department of Justice, the Federal Bureau of Investigation, and the Executive Office for Immigration Review.

Under penalty of perjury, I also hereby declare that I am the person described above and understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a(i)(3) as a misdemeanor and by a fine of not more than $5,000.

Signed,

_____        03/19/2013
Adijat Edwards                          Date

Date of Birth:  11/24/1970

Address in Nigeria:  _#1. PA Rasasq Agoro st off oremeru st igbogbo ebute ikorodu. Lagos

Address in the U.S.: 816 21st avenue north apt 221 Minneapolis MN 55411

# EXHIBIT
# 2

**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

JUN 1 8 2013

MEMORANDUM FOR:   Catrina Pavlik-Keenan, FOIA Officer
U.S. Immigration and Customs Enforcement

FROM:   Stephanie L. Kuehn, Senior FOIA/PA Disclosure Analyst
Office of Inspector General

SUBJECT:   Freedom of Information Act Request from Jacqueline Stevens
OIG FOIA File No. 2013-070

The Department of Homeland Security (DHS) Office of Inspector General (OIG) received the enclosed Freedom of Information Act (FOIA) request. While processing this request, we located the enclosed responsive records which originated with or may be of interest to your office. As such, we are referring 75 pages of material for your review and direct response to the Assistant United States Attorney (AUSA) handling this matter, Abigail Peluso.

As background information only, DHS-OIG is providing you with copies of the DHS-OIG documents to which the ICE documents were attached. Please do not release this background information.

**Please be advised this matter is in litigation**; therefore, instead of sending your response to the requester, please send your response directly to AUSA Peluso who is cc'd on the forwarding email. DHS-OIG also requests a copy of your response letter to the requester once processing of this referral is completed. For your reference, DHS-OIG will provide you with a copy of our response to the requester once it is finalized. If you have any questions about this matter, please contact Stephanie Kuehn, Senior FOIA/PA Disclosure Specialist, at 202-254-4389, or stephanie.kuehn@oig.dhs.gov.

Enclosures

Cc: Abigail Peluso, AUSA

# FOIA Request
# and
# OIG Response

| | |
|---|---|
| **From:** | Jackie Stevens |
| **To:** | FOIA OIG |
| **Subject:** | Office of Inspector General investigative materials, Adijat Edwards 079 053 516, |
| **Date:** | Wednesday, March 20, 2013 1:38:48 PM |
| **Attachments:** | EDWARDSAdijatIDPrivacyWaiver.jpg |

To Whom It May Concern

I write under the Freedom of Information/Privacy Act to request all items created, received, or at any time possessed by Special Agent Gerardo Guzman, Chicago Field Office pertaining to ADIJAT EDWARDS, alien number 079 053 516:

I am requesting:
-All documents, reports, email, notes of any sort, recordings, memorandums, forms, Special Agent Gerardo Guzman, ICE Chicago Field Office created, received or possessed about ADIJAT EDWARDS maintained in any medium.

-This includes but is not limited to correspondence about EDWARDS Expedited Removal Order, airline tickets and receipts, and all forms concerning the confiscation of her property and documents.

I have attached Ms. Adijat's Privacy Waiver granting her consent to release these documents to me. (Please note that this document also contains her statement sworn under penalty of perjury as to her identity.)

Please note that Ms. Edwards has waived her privacy right to her medical records as well and that there should be no redactions from documents pertaining to this request based on a medical exemption.

I am a scholar and and a journalist and will not be using this information for any financial benefit but to assist my research, teaching and publications on deportation misconduct. I am therefore requesting a fee waiver.

Thank you for your assistance. If you have any questions please contact me here or at 847-467-2093.

Sincerely,
Jacqueline Stevens
--
Jacqueline Stevens
Professor
Political Science and Legal Studies Board
Northwestern University

Director
Deportation Research Clinic
Buffett Center for International and Comparative Studies
http://www.cics.northwestern.edu/programs/deportationresearch/

phone 847-467-2093
fax 847-491-8985

Mail
601 University Place
Department of Political Science

Northwestern University
Evanston, IL  60208

http://www.jacquelinestevens.org
http://stateswithoutnations.blogspot.com

## PRIVACY AND CONFIDENTIALITY WAIVER

To Whom It May Concern:

My name is Adijat Edwards and I was born in Nigeria on November 24, 1970.

Jacqueline Stevens has my authorization to obtain all personal information about me from any private or public agency and any attorney or individual in the United States and all other countries, including Nigeria. Please note that this includes all medical information.

**I hereby waive my right to privacy, and I authorize all federal agencies of the United States to release any and all information, relating to me, including all medical records and references to medical records, to**

> Professor Jacqueline Stevens
> 601 University Place
> Political Science Department
> Northwestern University
> Evanston, IL 60208

This waiver is in accordance with the rules of Title 5 U.S.C. Section 552 and includes, but is not limited, to records and employee statements, including email, notes, and forms of the U.S. Customs and Border Protection, Immigration and Customs Enforcement, the Department of Justice, the Federal Bureau of Investigation, and the Executive Office for Immigration Review.

Under penalty of perjury, I also hereby declare that I am the person described above and understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a(i)(3) as a misdemeanor and by a fine of not more than $5,000.

Signed,

Adijat Edwards                          Date 03/19/2013

Date of Birth: 11/24/1970

Address in Nigeria: #1, PA Rasaq Agoro st off oremera st igbogbo chute tkorudu, Lagos

Address in the U.S.: 816 21st avenue north apt 223 Minneapolis MN 55411

# EXHIBIT

# 3

**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

MEMORANDUM FOR:   Ryan Law, Deputy FOIA Officer
                              U.S. Immigration and Customs Enforcement

FROM:                Stephanie L. Kuehn, Senior FOIA/PA Disclosure Analyst
                              Office of Inspector General

SUBJECT:            Freedom of Information Act Request from Jacqueline Stevens
                              OIG FOIA File No. 2013-070

The Department of Homeland Security (DHS) Office of Inspector General (OIG) received the enclosed Freedom of Information Act (FOIA) request. While processing this request, we located the enclosed DVD containing surveillance footage which originated with or may be of interest to your office. As such, we are referring the DVD for your review and direct response to the Assistant United States Attorney (AUSA) handling this matter, Abigail Peluso. This DVD is referred to you in an addition to the 75 pages OIG already referred for this request on June 18, 2013.

**Please be advised this matter is in litigation**; therefore, instead of sending your response to the requester, please send your response directly to AUSA Peluso who is cc'd on the forwarding email. DHS-OIG also requests a copy of your response letter to the requester once processing of this referral is completed. For your reference, DHS-OIG will provide you with a copy of our response to the requester once it is finalized. If you have any questions about this matter, please contact Stephanie Kuehn, Senior FOIA/PA Disclosure Specialist, at 202-254-4389, or stephanie.kuehn@oig.dhs.gov.

Enclosures

Cc: Abigail Peluso, AUSA

# EXHIBIT 4

**OFFICE OF INSPECTOR GENERAL**
Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

August 28, 2013

MEMORANDUM FOR:   Catrina Pavlik-Keenan, FOIA Officer
U.S. Immigration and Customs Enforcement

FROM:            *SK*  Stephanie L. Kuehn, Senior FOIA/PA Disclosure Analyst
Office of Inspector General

SUBJECT:         Freedom of Information Act Request from Jacqueline Stevens
OIG FOIA File No. 2013-070

The Department of Homeland Security (DHS) Office of Inspector General (OIG) received the enclosed Freedom of Information Act (FOIA) request. While processing this request, we located the enclosed responsive records which originated with or may be of interest to your office. As such, we are referring 58 pages of material for your review and direct response to the Assistant United States Attorney handling this matter, who will forward the response to the requester.

**Please be advised this matter is in litigation**; therefore, OIG requests a copy of your response letter to the requester once processing of this referral is completed. For your reference, we will provide you with a copy of our response to the requester once it is finalized. If you have any questions about this matter, please contact me at 202-254-4389 or stephanie.kuehn@oig.dhs.gov.

Enclosures

Cc: Abigail Peluso, AUSA

# EXHIBIT
# 5

# OFFICE OF INSPECTOR GENERAL
## Department of Homeland Security

Washington, DC 20528 / www.oig.dhs.gov

January 7, 2014

MEMORANDUM FOR:    Catrina Pavlik-Keenan, FOIA Officer
U.S. Immigration and Customs Enforcement

FROM:    Stephanie L. Kuehn, Senior FOIA/PA Disclosure Specialist
Office of Inspector General

SUBJECT:    Freedom of Information Act Request from Jacqueline Stevens
OIG FOIA File No. 2013-070

The Department of Homeland Security (DHS) Office of Inspector General (OIG) received the enclosed Freedom of Information Act (FOIA) request currently in litigation. While processing this request, we located the enclosed responsive records which originated with or may be of interest to your office. As such, we are referring 58 pages of material for your review and direct response.

Certain information has already been redacted by DHS-OIG pursuant to exemptions (b)(6) and (b)(7)(C) to protect the names of a special agent and third party, and to protect a third party's phone numbers. In your final response to the requester, the denial statement for redactions made by DHS-OIG should read:

> Although I am aware that your request is the subject of ongoing litigation and appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you of your right to file an administrative appeal. If you choose to file an administrative appeal it must be in writing and received within 60 days of the date of this response. Please address any appeal to: FOIA/PA Appeals Unit; DHS-OIG Office of Counsel; Stop 0305; 245 Murray Lane, SW; Washington, DC 20528-0305. Both the envelope and letter of appeal must be clearly marked, "Freedom of Information Act Appeal." Your appeal letter must also clearly identify the OIG's redactions. Additional information on submitting an appeal is set forth in the DHS regulations at 6 C.F.R. § 5.9.

**Because this matter is in litigation**, please send your response to the Assistant United States Attorney (AUSA) handling the matter, who will forward the response to the plaintiff's attorney. OIG also requests a copy of your response once processing of this referral is complete. If you have any questions about this matter, please contact me at 202-254-4389 or stephanie.kuehn@oig.dhs.gov.

Enclosures

Cc: Abigail Peluso, AUSA

# EXHIBIT
# 6

**From:** Pavlik-Keenan, Catrina M
**Sent:** Friday, February 07, 2014 2:13 PM
**To:** White, Bradley E; Pineiro, Fernando
**Cc:** Kuehn, Stephanie
**Subject:** FW: 2013-070 Stevens Referral (in Litigation)

Since Ryan M. has left I am not sure if who took this over from him.

Fernando can you assist Stephanie with this.

**From:** Kuehn, Stephanie [mailto:Stephanie.Kuehn@oig.dhs.gov]
**Sent:** Friday, February 07, 2014 1:53 PM
**To:** Pavlik-Keenan, Catrina M; McDonald, Ryan J
**Cc:** Kendrick, Jennifer A.; Peluso, Abigail (USAILN)
**Subject:** RE: 2013-070 Stevens Referral (in Litigation)

Good afternoon Catrina and Ryan,

Our field office recently located additional records responsive to this FOIA request, currently in litigation, which we must quickly process and produce to the Plaintiff.  Attached is a referral of a few more ICE records which were among those located.  Would it be possible for you to process these records and provide them to the AUSA by Monday or Tuesday so she can provide them to the Plaintiff?

# EXHIBIT
# 7



U.S. Department of Homeland Security
500 12th Street, S.W., STOP 5009
Washington, DC 20536-5009

**U.S. Immigration
and Customs
Enforcement**

August 29, 2013

Ms. Jacqueline Stevens
601 University Place
Department of Political Science
Northwestern University
Evanston, IL 60208

RE:     **DHS OIG FOIA Case Number 2013-070
        ICE FOIA Case Number 2013FOIA16486**

Dear Ms. Stevens:

This is in further response to your Freedom of Information Act (FOIA) request to the U.S.
Department of Homeland Security (DHS) Office of Inspector General (OIG), dated March 20, 2013.
You have requested copies of records pertaining to Adijat Edwards.

A search of DHS OIG for records responsive to your request produced an additional fifty-eight (58)
pages of documents that originated from U.S. Immigration and Customs Enforcement (ICE). DHS
OIG referred these documents to ICE for review and processing under the FOIA.

After a review of the records referred by DHS OIG, I have determined that portions of the 58 pages
will be withheld pursuant to FOIA Exemptions 6, 7(C), and 7(E) of the FOIA as described below.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, phone numbers,
Alien Identification Numbers, dates of birth, FINS numbers and other personal identifying
information of ICE, DHS employees, and third parties contained within the documents.

**FOIA Exemption 6** exempts from disclosure personnel or medical files and similar files the release
of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing
of the public's right to disclosure against the individual's right privacy. The privacy interests of the
individuals in the records you have requested outweigh any minimal public interest in disclosure of
the information. Any private interest you may have in that information does not factor into the
aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes that
could reasonably be expected to constitute an unwarranted invasion of personal privacy. This
exemption takes particular note of the strong interests of individuals, whether they are suspects,
witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.
That interest extends to persons who are not only the subjects of the investigation, but those who
may have their privacy invaded by having their identities and information about them revealed in
connection with an investigation. Based upon the traditional recognition of strong privacy interest in
law enforcement records, categorical withholding of information that identifies third parties in law

enforcement records is ordinarily appropriate. As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this determination.

ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency law enforcement database URL addresses, FBI numbers, and database codes contained within the documents.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

You have the right to appeal ICE's determination. Should you wish to do so, send your appeal and a copy of this letter to: U.S. Immigration Customs Enforcement, Office of Principal Legal Advisor, U.S. Department of Homeland Security, Freedom of Information Office, 500 12th Street, S.W., Stop 5009 Washington, D.C. 20536-5009, following the procedures outlined in the DHS regulations at 6 C.F.R. § 5.9. Your appeal must be received within 60 days of the date of this letter. Your envelope and letter should be marked "FOIA Appeal." Copies of the FOIA and DHS regulations are available at www.dhs.gov/foia.

The Office of Government Information Services (OGIS) also mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. If you wish to contact OGIS, you may email them at ogis@nara.gov or call 1-877-684-6448.

Provisions of the FOIA allow us to recover part of the cost of complying with your request. In this instance, because the cost is below the $14 minimum, there is no charge.[1]

If you need to contact our office about this matter, please refer to FOIA case number **2013FOIA16486**. This office can be reached at (202) 732-0600 or (866) 633-1182.

Sincerely,

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):  Your March 20, 2013 FOIA Request
58 pages, on disc

---

[1] 6 CFR § 5.11(d)(4).

| | |
|---|---|
| **From:** | Jackie Stevens |
| **To:** | FOIA OIG |
| **Subject:** | Office of Inspector General investigative materials, Adijat Edwards 079 053 516, |
| **Date:** | Wednesday, March 20, 2013 1:38:48 PM |
| **Attachments:** | EDWARDSAdijatIDPrivacyWaiver.jpg |

To Whom It May Concern

I write under the Freedom of Information/Privacy Act to request all items created, received, or at any time possessed by Special Agent Gerardo Guzman, Chicago Field Office pertaining to ADIJAT EDWARDS, alien number 079 053 516:

I am requesting:
-All documents, reports, email, notes of any sort, recordings, memorandums, forms, Special Agent Gerardo Guzman, ICE Chicago Field Office created, received or possessed about ADIJAT EDWARDS maintained in any medium.

-This includes but is not limited to correspondence about EDWARDS Expedited Removal Order, airline tickets and receipts, and all forms concerning the confiscation of her property and documents.

I have attached Ms. Adijat's Privacy Waiver granting her consent to release these documents to me. (Please note that this document also contains her statement sworn under penalty of perjury as to her identity.)

Please note that Ms. Edwards has waived her privacy right to her medical records as well and that there should be no redactions from documents pertaining to this request based on a medical exemption.

I am a scholar and and a journalist and will not be using this information for any financial benefit but to assist my research, teaching and publications on deportation misconduct. I am therefore requesting a fee waiver.

Thank you for your assistance. If you have any questions please contact me here or at 847-467-2093.

Sincerely,
Jacqueline Stevens
--

Jacqueline Stevens
Professor
Political Science and Legal Studies Board
Northwestern University

Director
Deportation Research Clinic
Buffett Center for International and Comparative Studies
http://www.cics.northwestern.edu/programs/deportationresearch/

phone 847-467-2093
fax  847-491-8985

Mail
601 University Place
Department of Political Science

Northwestern University
Evanston, IL  60208

http://www.jacquelinestevens.org
http://stateswithoutnations.blogspot.com

# EXHIBIT

# 8



U.S. Department of Homeland Security
500 12th Street, S.W.
Washington, DC  20536-5009

**U.S. Immigration
and Customs
Enforcement**

March 4, 2014

Jacqueline Stevens
601 University Place
Department of Political Science
Northwestern University
Evanston, IL  60208

RE:    **ICE FOIA Case Number 2014FOIA09470**
       **DHS OIG Case Number 2013-070**

Dear Ms. Stevens:

This letter is the final response to your Freedom of Information Act (FOIA) request to the U.S.
Department of Homeland Security, Office of Inspector General (DHS OIG), dated March 20, 2013.
You have requested copies of all items created, received, or at any time possessed by Special Agent
Gerardo Guzman, Chicago Field Office, pertaining to Adijat Edwards.

A search of DHS OIG for records responsive to your request produced 51 pages of documents that
originated from U.S. Immigration and Customs Enforcement (ICE).  These documents included an
email message, records from the ENFORCE Alien Removal Module (EARM), and a copy of ICE's
National Detainee Handbook.  DHS OIG referred these documents to ICE for review and processing
under the FOIA.

Your request has been processed under the FOIA, 5 U.S.C. § 552.

After a review of the records referred by DHS OIG, ICE has determined that 26 pages will be
released to you in full, that 23 pages will be withheld in their entirety pursuant to Exemptions 6, and
7(C) of the FOIA, and that portions of the remaining 2 pages will be withheld pursuant to
Exemptions 6, 7(C), and 7(E) of the FOIA as described below.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, dates of birth,
alien numbers and other personally identifiable information of third party individuals, along with the
names, telephone numbers and email addresses of law enforcement officers and other ICE
employees.  Specifically, ICE has withheld 23 pages of records that originated from EARM that
pertain to third party individuals and do not relate in any way to Ms. Edwards.  EARM is ICE's case
management system, and is used for tracking the status of cases of aliens in the removal process.

**FOIA Exemption 6** exempts from disclosure personnel or medical files and similar files the release
of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing
of the public's right to disclosure against the individual's right privacy.  The privacy interests of the
individuals in the records you have requested outweigh any minimal public interest in disclosure of

the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this determination.

ICE has applied FOIA Exemption 7(E) to protect from disclosure an internal intranet address that identifies the location of law enforcement sensitive operational information.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

You have the right to appeal ICE's withholding determination and should you wish to do so, you must send your appeal and a copy of this letter to:

> U.S. Immigration Customs Enforcement
> Office of Principal Legal Advisor
> U.S. Department of Homeland Security
> Freedom of Information Office
> 500 12th Street, S.W., Stop 5009
> Washington, D.C. 20536-5009

following the procedures outlined in the DHS regulations at 6 Code of Federal Regulations § 5.9. Your appeal must be received within 60 days of the date of this letter. Your envelope and letter should be marked "FOIA Appeal." Copies of the FOIA and DHS regulations are available at www.dhs.gov/foia.

Additionally, DHS OIG has withheld portions of these records pursuant to Exemptions 6 and 7(C) of the FOIA to protect the names of a special agent and a third party individual. Although I am aware that your request is the subject of ongoing litigation, and appeals are not ordinarily acted on in such situations, I am required by statute and regulation to inform you of your right to file an administrative appeal. If you choose to file an administrative appeal, it must be in writing and received within 60 days of the date of this response. Please address any appeal to: FOIA/PA Appeals Unit; DHS OIG Office of Counsel; Stop 0305; 245 Murray Lane, SW; Washington, DC

20528-0305.  Both the envelope and the letter of appeal must be clearly marked, "Freedom of Information Act Appeal."  Your appeal letter must also clearly identify the OIG's redactions. Additional information on submitting an appeal is set forth in the DHS regulations at 6 C.F.R. § 5.9.

Provisions of the FOIA and Privacy Act allow us to recover part of the cost of complying with your request.  In this case, because the cost is below the $14 minimum, there is no charge.[1]

If you need to contact the FOIA Office about this matter, please call (866) 633-1182 and refer to FOIA case number **2014FOIA09470**.

Sincerely,

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosures: 1 CD, 51 pages

---

[1] 6 CFR § 5.11(d)(4).

# EXHIBIT
# 9



U.S. Department of Homeland Security
500 12th Street, S.W., STOP 5009
Washington, DC 20536-5009

**U.S. Immigration
and Customs
Enforcement**

June 27, 2013

Ms. Jacqueline Stevens
601 University Place
Department of Political Science
Northwestern University
Evanston, IL 60208

RE:   **DHS OIG FOIA Case Number 2013-070**
       **ICE FOIA Case Number 2013FOIA16486**

Dear Ms. Stevens:

This is in further response to your Freedom of Information Act (FOIA) request to the U.S.
Department of Homeland Security (DHS) Office of Inspector General (OIG), dated March 20, 2013.
You have requested copies of records pertaining to Adijat Edwards.

A search of DHS OIG for records responsive to your request has produced two electronic video files.
ICE provided these videos to DHS OIG for use in their investigation. The videos are in AVI format.
The videos do not have any audio associated with them. Combined, the videos are approximately 6
hours in length.

I have reviewed the videos in their entirety and have determined that portions of the videos are
exempt from disclosure pursuant to Exemptions 6, 7(C), and 7(E) of the FOIA as described below.

The ICE FOIA Office does not currently have the technical expertise, hardware, or software that
would allow ICE to redact exempt information from the videos and release non-exempt information
from the videos. Accordingly, the videos are being withheld in their entirety.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure images of ICE employees,
ICE detainees, and third parties contained within the videos. The video includes images of
individual's faces and other images and information that could be used to identify the specific
individuals in the video.

**FOIA Exemption 6** exempts from disclosure personnel or medical files and similar files the release
of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing
of the public's right to disclosure against the individual's right privacy. The privacy interests of the
individuals in the records you have requested outweigh any minimal public interest in disclosure of
the information. Any private interest you may have in that information does not factor into the
aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes that
could reasonably be expected to constitute an unwarranted invasion of personal privacy. This
exemption takes particular note of the strong interests of individuals, whether they are suspects,
witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.
That interest extends to persons who are not only the subjects of the investigation, but those who

may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this determination.

ICE has applied FOIA Exemption 7(E) to protect from disclosure images and video of internal agency law enforcement techniques and procedures related to searches of individuals in custody, as well as images and videos of handcuffing techniques and security procedures. In addition, the video reveals the location and field of view of a security surveillance camera located in a secure room used for the temporary detention of individuals.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

You have the right to appeal ICE's determination. Should you wish to do so, send your appeal and a copy of this letter to: U.S. Immigration Customs Enforcement, Office of Principal Legal Advisor, U.S. Department of Homeland Security, Freedom of Information Office, 500 12th Street, S.W., Stop 5009 Washington, D.C. 20536-5009, following the procedures outlined in the DHS regulations at 6 C.F.R. § 5.9. Your appeal must be received within 60 days of the date of this letter. Your envelope and letter should be marked "FOIA Appeal." Copies of the FOIA and DHS regulations are available at www.dhs.gov/foia.

The Office of Government Information Services (OGIS) also mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. If you wish to contact OGIS, you may email them at ogis@nara.gov or call 1-877-684-6448.

Provisions of the FOIA allow us to recover part of the cost of complying with your request. In this instance, because the cost is below the $14 minimum, there is no charge.[1]

If you need to contact our office about this matter, please refer to FOIA case number **2013FOIA16486.** This office can be reached at (202) 732-0600 or (866) 633-1182.

Sincerely,

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s): Your March 20, 2013 FOIA Request

---

[1] 6 CFR § 5.11(d)(4).

| From: | Jackie Stevens |
|---|---|
| To: | FOIA OIG |
| Subject: | Office of Inspector General investigative materials, Adijat Edwards 079 053 516, |
| Date: | Wednesday, March 20, 2013 1:38:48 PM |
| Attachments: | EDWARDSAdijatIDPrivacyWaiver.jpg |

To Whom It May Concern

I write under the Freedom of Information/Privacy Act to request all
items created, received, or at any time possessed by Special Agent
Gerardo Guzman, Chicago Field Office pertaining to ADIJAT EDWARDS, alien
number 079 053 516:

I am requesting:
-All documents, reports, email, notes of any sort, recordings,
memorandums, forms, Special Agent Gerardo Guzman, ICE Chicago Field
Office created, received or possessed about ADIJAT EDWARDS maintained in
any medium.

-This includes but is not limited to correspondence about EDWARDS
Expedited Removal Order, airline tickets and receipts, and all forms
concerning the confiscation of her property and documents.

I have attached Ms. Adijat's Privacy Waiver granting her consent to
release these documents to me. (Please note that this document also
contains her statement sworn under penalty of perjury as to her identity.)

Please note that Ms. Edwards has waived her privacy right to her medical
records as well and that there should be no redactions from documents
pertaining to this request based on a medical exemption.

I am a scholar and and a journalist and will not be using this
information for any financial benefit but to assist my research,
teaching and publications on deportation misconduct. I am therefore
requesting a fee waiver.

Thank you for your assistance. If you have any questions please contact
me here or at 847-467-2093.

Sincerely,
Jacqueline Stevens
--
Jacqueline Stevens
Professor
Political Science and Legal Studies Board
Northwestern University

Director
Deportation Research Clinic
Buffett Center for International and Comparative Studies
http://www.cics.northwestern.edu/programs/deportationresearch/

phone 847-467-2093
fax 847-491-8985

Mail
601 University Place
Department of Political Science

Northwestern University
Evanston, IL 60208

http://www.jacquelinestevens.org
http://stateswithoutnations.blogspot.com